UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROXANNE WILSON,<br>       Plaintiff<br><br>    v.<br><br>JVRI HOSPITALITY, LLC d/b/a<br>RESIDENCE INN CHICAGO<br>SOUTHEAST HAMMOND INDIANA,<br>       Defendant | No. 25 CV 4087<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [12] is denied. The defendant shall answer the complaint on or before October 28, 2025. The October 9, 2025, status hearing is stricken.

## STATEMENT

The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving these motions. *Vinich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). On March 1, 2025, the plaintiff Roxanne Wilson visited the pool facility at the Residence Inn Chicago Southeast/Hammond. (R. 1-1 at 2.)[1] As she exited the pool, she put her foot on the floor and slipped; her right leg went behind her, injuring her right foot. (*Id.* at 2–3.) There were no slip-resistant mats or floor dryers in the pool facility. (*Id.* at 2.) Ms. Wilson claims that JVRI was negligent and did not have proper safety measures in the pool area.

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face" and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

JVRI argues that Ms. Wilson has not stated a claim for relief, as she has not adequately pled the elements of a negligence claim. (R. 12 at 3–4.) Rule 8 does not require complaints to "match facts to legal elements," but instead requires a complaint to provide notice of the claim to a defendant. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024). "All the complaint need[s] to do is state a grievance. Details and proofs come later." *Id.* at 1338.

Ms. Wilson has pled that she slipped, and it is reasonable for this Court to infer that she alleges she slipped because there were no safety measures, such as slip-resistant mats or floor dryers, present in the pool facility. (R. 1-1 at 1–2.) She also alleges that her right foot was injured because she slipped. (*Id.*). This is enough to put JVRI on notice of a negligence claim, which is sufficient for the pleadings stage. JVRI's motion to dismiss is therefore denied.

Date: October 7, 2025

JEREMY C. DANIEL
United States District Judge